O

# United States District Court
# Central District of California

| | |
|---|---|
| CARMEN ROA, on behalf of herself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TS STAFFING SERVICES, INC.; T.S. EMPLOYMENT, INC.; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:14-cv-08424-ODW (MRW)<br><br>**ORDER DENYING MOTION TO REMAND [10]** |

## I.    INTRODUCTION

On August 5, 2014, Plaintiff Carmen Roa filed a putative class action complaint in California state court against her former employers, Defendants TS Staffing Services, Inc. and T.S. Employment, Inc. (collectively "TS Staffing").  (ECF No. 1.) The Complaint alleges numerous wage and hour violations against TS Staffing, and Roa seeks to represent all similarly situated, non-exempt employees during a four-year period.  (*Id.*)  On October 30, 2014, TS Staffing removed the case pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332, 1441 ("CAFA").  (*Id.*)  Pending before the Court is Roa's Motion to Remand.  (ECF No. 10.)  For the reasons discussed

/ / /

below, the Court **DENIES** Plaintiff's Motion to Remand.[1]  (ECF No. 10.)

## II.  LEGAL STANDARD

A suit filed in state court may be removed to federal court if the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  A defendant seeking to remove a case must file in the district court a notice of removal "containing a short and plain statement of the grounds for removal[.]"  *Id.* § 1446(a).  CAFA grants federal courts original jurisdiction over class action cases that meet the following requirements:  (1) the proposed class contains more than 100 members; (2) minimal diversity exists between the parties (*i.e.*, at least one plaintiff and one defendant are from different states); (3) the amount in controversy exceeds $5,000,000; and (4) the primary defendants are not states, state officials, or other governmental entities.  *Id.* §§ 1332(d)(2), (5).  "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court."  *Ibarra v. Manheim Invs., Inc.*, No. 14-56779, slip op. at *2 (9th Cir. Dec. 8, 2014).  The party seeking removal bears the burden of establishing federal jurisdiction.  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

## III.  DISCUSSION

In its Notice of Removal, TS Staffing alleged that this Court has original jurisdiction over Roa's eleven-count complaint pursuant to CAFA.  (ECF No. 1.)  In addition to specifically alleging that each requirement of CAFA is satisfied, TS Staffing included a declaration from Leo Camacho, a TS Staffing regional vice president, to support its Notice of Removal.  (*Id.*)

In her Motion to Dismiss, Roa claims that removal was improper under CAFA.  (ECF No. 10.)  Roa makes *only* one argument as to why removal is improper:  "As Plaintiff objects to the Declaration [of Leo Camacho] on several evidentiary grounds

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

and requests that the Court strike most portions of the Declaration, no proper evidence is offered by Defendants for their basis of removal, and jurisdiction under CAFA must be denied." (*Id.* at 3.)

A recent Supreme Court opinion is directly on point. In *Dart Cherokee Basin Operating Co. v. Owens*, the high court decided what evidentiary support is necessary to remove a case under CAFA. 135 S. Ct. 547, 551 (2014). The defendant in *Dart* removed a class action complaint under CAFA, and in doing so alleged, without evidentiary support, that the amount in controversy requirement was satisfied. *Id.* at 551–52. The district court remanded the matter holding that that proof of the amount in controversy was required in the notice of removal itself. *Id.* at 552.

Relying on the parallel language in § 1446(a) and Federal Rule of Civil Procedure 8(a), the Supreme Court reversed, concluding that "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553. The Court explained that when a plaintiff contests an allegation in the notice of removal, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 554. Importantly, the Court instructed "that no antiremoval presumption attends cases invoking CAFA[.]" *Id.*

Here, TS Staffing specifically alleged that each element of CAFA is satisfied. The Court *must* accept these allegations as true unless "contested by the plaintiff or questioned by the court." *Id.* at 553. Roa, however, does not contest the allegations themselves, but instead contests TS Staffing's evidence in support of the allegations. If TS Staffing was not required to submit evidence in support of its allegations, as *Dart Cherokee* teaches, then Roa's attack on the evidence is fallacious. In light of the "no antiremoval presumption" from *Dart Cherokee*, the Court has no reason to *sua sponte* question TS Staffing's allegations. *Id.* at 554. Furthermore, Roa submitted no independent evidence for the Court to consider. While *Dart Cherokee* focused only

on the amount-in-controversy requirement, the Court finds that the rationale behind *Dart Cherokee* applies equally to the other CAFA requirements.  The "short and plain statement" language from § 1446(a) applies to the entire notice of removal, and therefore would apply equally to all CAFA allegations and not just the amount-in-controversy requirement.

## IV.   CONCLUSION

Because Roa's only argument is foreclosed by Supreme Court precedent, the Court **DENIES** Plaintiff's Motion to Remand.  (ECF No. 10.)

**IT IS SO ORDERED.**

January 22, 2015

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**